[No. 4467.]

## JOHN B. MAHONEY *v.* W. B. MAHONEY.

OPENING A DEFAULT. — An application to open a default, made after the adjournment of the term at which the judgment by default was rendered, cannot be entertained unless the moving party makes a showing of reason why he failed to make the application during the term.

APPEAL from the District Court, Sixth Judicial District, County of Stanislaus.

The plaintiff appealed from the order. The other facts are stated in the opinion.

*D. S. Terry and W. L. Dudley,* for the Appellant.

The application is made under section four hundred and seventy-three, Code of C. P. That section provides, "that the court may relieve a party, or his legal representative, from a judgment, order, or other proceeding, taken against him through his mistake, inadvertence, surprise, or excusable neglect; and when, for any reason satisfactory to the court, or the judge thereof, the party aggrieved has

failed to apply for the relief sought during the term; at which such judgment, order or proceeding complained of was taken, the court, or the judge thereof, in vacation, may grant the relief upon application made within a reasonable time, not exceeding six months after the adjournment of the term."

The defendant does not state a single reason why he failed to apply for relief during the term at which the judgment was rendered.

*Gallagher & Pearson,* for the Respondents.

By the Court:

The default was entered March 25, 1874, in vacation. At the opening of the court in April following, a motion on the part of the defendant to open the default was made. The motion not being supported by affidavit, leave was then given the defendant to file affidavits in support of the motion, on or before the 21st day of April. The defendant, however, neglected to file affidavits within the time limited, and on the 23d day of April, the defendant being then still in default, the case was sent to the court commissioner to report the facts, and thereafter, on April 30, judgment was rendered.

The court adjourned for the term on the 2d day of May following.

On May 7, five days after the adjournment of the court for the term, the defendant gave notice of a motion to set aside the proceedings of April 23, and the motion was granted on June 30 following. The application, founded on the notice of May 7, came too late. The court had already adjourned for the term. The general rule is that such applications must be made during the term. An application made after the court has adjourned can be entertained only upon showing some reason why the moving party had failed to make his application during the term. (Code Civ. Proc., Sec. 473.) In this case no reason is given or attempted, on the part of the defendant, as to why he failed to make the application during the term of the court.

The order of June 30, 1874, is reversed.